(No. 2041—

CARL H. LITTLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1936*

HAROLD J. TAYLOR, PAUL TAYLOR and G. P. DENTON, for claimant.

OTTO KERNER, Attorney General; GLENN TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For over twenty years prior to April 1st, A. D. 1931 claimant was an employee of the respondent in the Division of Highways. On the last mentioned date, while employed as maintenance foreman near Effingham, Illinois, he sustained

accidental injuries which arose out of and in the course of his employment. He was helping some men under his charge load a heavy tar kettle into a truck when the kettle slipped and was thrown against him, whereby he was seriously injured, sustaining a fracture of the twelfth dorsal and first and second lumbar vertebrae, which have since become anchylosed. He was taken to St. Anthony's Hospital at Effingham, where he remained for seventeen days; he was then placed in a cast and removed to his home. He was confined to his bed at home for over two months; thereafter he moved about in a wheel chair for about two months, and was then permitted to move about on crutches. About March 1st, A. D. 1932 his condition had improved to such an extent that he went back to work for respondent but at lighter work than he previously performed, although he received the same salary as he received in his previous position, to wit, $160.00 per month. His new employment was as foreman of beautification projects, which did not require any heavy manual labor on his part. He performed all of the duties of such position until September 3d, 1932. On the last mentioned date, while lifting a lawn mower into the back of his automobile coupe, in the performance of the duties of his position, he again injured his back and fell to the ground unconscious. He revived after a short time and was able to drive home. He remained at home about two weeks and then reported back for work, and although he was physically able to perform but few of the duties of his position, he was continued on the payroll until January 30th, 1933, at which time he was discharged. During the time from September 3d, 1932 to January 30th, 1933 claimant was paid his full salary of $160.00 per month.

Claimant had only a common school education, and was fifty-one years of age at the time of the accident. He had two children under sixteen years of age at the time of the accident on September 3d, 1932.

On January 5th, 1933 claimant filed his claim in this court to recover the bill of St. Anthony's Hospital in the amount of $83.85 and the bill of Dr. Damron in the amount of $371.00 for hospital and medical services rendered him on account of his said injuries. Thereafter Dr. Damron filed a claim (No. 2180) on his own behalf, and on behalf of St. Anthony's Hospital for the same services, which said claim was allowed on May 31st, 1935 and has since been paid.

On February 13th, 1933 claimant filed an amendment to his complaint in which he asks for compensation for the injuries sustained by him as aforesaid.

In his complaint as amended, although claimant set forth both the accidents of April 1st, 1931 and September 3d, 1932, he apparently based his right of recovery on the accident of April 1st, 1931. The Attorney General urged that the complaint should be dismissed on account of claimant's failure to make claim for compensation within six months after the accident and to file his complaint within one year after the date of the injury or the last payment of compensation as required by Section 24 of the Workmen's Compensation Act. Claimant now takes the position that his present physical condition is the result of the accident of September 3d, 1932. If he is correct in his position, there is no merit to the contention of the Attorney General, for the reason that the amended complaint was filed within six months after the date of said accident.

As the result of the injury of April 1st, 1931 claimant was rendered more susceptible to his second injury than he otherwise would have been. Prior to September 3d, 1932 he was able to perform all of the duties required of him as foreman of beautification projects, but after such injury he was unable to do such work or any other work which required lifting, bending or heavy manual labor. As said by the Supreme Court in the case of *Powers Storage Co.* vs. *Ind. Com.*, 340 Ill. 504, "His employer accepted him as an employee in the physical condition in which he was and is liable for any accidental injury occurring to him arising out of and in the course of his employment."

In the case of *Rittler* vs. *Ind. Com.*, 351 Ill. 353, the Supreme Court said: "Mere predisposing physical condition does not affect the right to compensation. If an accident results in a lesion, or a new condition of which it is the proximate cause, there may be a recovery of compensation for the same, regardless of predisposing conditions making the employee more susceptible to the injury."

Claimant had recovered from his first injury sufficiently to return to work as a foreman of beautification projects, and was performing all the duties required of him in connection with such work, until the time of the second accident. He is

now unable to do the work which he previously performed, or any other work which requires lifting or bending. His very limited education prevents him from procuring any work of a clerical nature. There is nothing in the record to dispute claimant's contention that his present condition is the result of the accident on September 3d, 1932 and we therefore find that the claimant's present condition is the result of such accident.

It is conceded that at the time of both accidents, the claimant and the respondent were operating under the terms and provisions of the Workmen's Compensation Act, and that both accidents arose out of and in the course of claimant's employment. The only questions to be determined are the nature and extent of claimant's injuries, and the amount of compensation to be paid therefor.

Claimant contends that he is completely and permanently disabled. There is no question but what claimant's condition is permanent, but the evidence does not sustain his claim of complete disability.

During the time which elapsed between the second injury and the date of his discharge, that is, from September 3d, 1932 to January 30th, 1933, claimant performed some of the duties of his position, and received his full salary of $160.00 per month; and claimant concedes that the amount paid him as salary as aforesaid should be deducted in determining the amount of compensation to which he is entitled.

The testimony in the record shows that between January 30th, 1933 and June 17th, 1936 claimant earned the sum of $218.50 in different employments, to wit: as a laborer for the CWA; foreman for CWA; weighing tomatoes; selling school supplies; as election judge; as court bailiff; and for jury service. There is nothing in the evidence to indicate that he was able to earn anything over and above the amount last stated. Prior to his injury the average amount which he earned was $1,920.00 per year. Under the evidence he is entitled to an award for partial permanent disability.

Under the provisions of Section 8D of the Workmen's Compensation Act a person who is partially incapacitated from pursuing his usual and customary line of employment is entitled to a sum "equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is

able to earn in some suitable employment or business after the accident.''

Under the provisions of Section 7H3 of the Act, the amount of the respondent's liability is limited to Forty-eight Hundred Dollars ($4,800.00), and under Section 8J3 claimant's compensation is payable in weekly installments of Sixteen Dollars ($16.00) per week.

Under the evidence, claimant is entitled to recover the limit permitted by the Workmen's Compensation Act, to wit, the sum of $4,800.00. From this amount, however, there must be deducted as aforesaid the amount paid claimant for his salary between September 3d, 1932 and January 30th, 1933, to wit, Seven Hundred Seventy-eight Dollars and Eighty-four Cents ($778.84), leaving the net amount of the award Four Thousand Twenty-one Dollars and Sixteen Cents ($4,021.16).

Compensation has accrued from September 4th, 1932 to July 6th, 1936, to wit, Two Hundred (200) weeks, at $16.00 per week, to wit, the sum of Thirty-two Hundred Dollars ($3,200.00). Deducting the sum of $778.84 paid to claimant as his salary from September 3d, 1932 to January 30th, 1933 as aforesaid, leaves Twenty-four Hundred Twenty-one Dollars and Sixteen Cents ($2,421.16) as the amount payable to July 6th, 1936. The balance of said award, to wit, Sixteen Hundred Dollars ($1,600.00), is payable in One Hundred (100) weekly installments of $16.00 per week commencing on July 13th, 1936.

Award is therefore entered in favor of the claimant for the sum of $4,021.16, payable as follows: $2,421.16 forthwith; and the balance of $1,600.00 in 100 weekly installments of $16.00 per week, commencing July 13th, 1936.

This award being for personal injuries of a State employee is subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof"*, approved July 2d, 1935 (Session Laws of 1935, p. 49).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the Road Fund, in the manner provided by such Act.